**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE DIVISION**

| | | |
|---|---|---|
| **NEDRA LEBEUF** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| | § | |
| **PORTFOLIO RECOVERY** | § | |
| **ASSOCIATES** | § | |
| | § | |
| | § | |
| | § | |
| **And;** | § | **Complaint** |
| | § | |
| | § | **and;** |
| | § | |
| **EXPERIAN INFORMATION** | § | **Demand for Jury Trial** |
| **SOLUTIONS, INC.** | § | |
| | § | |
| **Defendants** | § | |
| | § | |

**COMPLAINT**

NOW COMES Plaintiff, **NEDRA LEBEUF** (hereafter the "Plaintiff) by and through undersigned Counsel, whom through this complaint against the Defendants alleges the following:

**PRELIMINARY STATEMENT**

1.     This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit

Reporting Act) and for actual, statutory and punitive damages, costs, and Attorneys' fees pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collection Act).

## JURISIDICTION AND VENUE

2.       Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331.

3.       Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District, as well as, a substantial part of the property that is subject to this action is located in this Judicial District.

## PARTIES

4.       Plaintiff is a natural person and a resident and citizen of the State of LOUISIANA of the United States of America.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

5.       Defendant EXPERIAN INFORMATION SOLUTIONS, INC, (hereafter **EXPERIAN**) is a foreign For-Profit Corporation registered to do business and doing business in Louisiana.  Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6.       Defendant, PORTFOLIO RECOVERY ASSOCIATES, (hereinafter PORTFOLIO), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is engaged in the business with the purpose of which is the collection of debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Louisiana.

**FACTUAL ALLEGATIONS**

7.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

8.     EXPERIAN did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

9.     Plaintiff by and through her attorney disputed information regarding the PORTFOLIO account with a dispute letter to EXPERIAN, dated March 15, 2016, disputing the inaccurate "Date of Status" and "First Reported" dates that were being reported on Plaintiff's EXPERIAN credit report dated November 18, 2015. PORTFOLIO and EXPERIAN did not provide a good faith investigation into the disputed account as required by the Fair Credit Reporting Act.

10.     Plaintiff received the results from her dispute regarding the PORTFOLIO account on or about May 4, 2016. Not only did PORTFOLIO and EXPERIAN not correct, modify or delete the information but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. On account ********9626…. the "Date of Status" was changed from "Nov 2015" to "04/2016" and on account ********9626…. the "First Reported" date was changed from "Nov 2015" to "04/2016." PORTFOLIO is changing dates that should not be changed and EXPERIAN is allowing PORTFOLIO to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. PORTFOLIO and EXPERIAN are penalizing Plaintiff for exercising her statutory right

to dispute inaccurate information on her credit report.  PORTFOLIO and EXPERIAN are re-aging Plaintiff's PORTFOLIO account with every dispute.

11.     EXPERIAN did not provide a good faith investigation into the PORTFOLIO account no. ********9626….

12.     PORTFOLIO did not provide a good faith investigation into the PORTFOLIO account no.********9626….

13.     PORTFOLIO is re-aging Plaintiff's account by changing the Date of Status date, as well as, the First Reported dates.  EXPERIAN is allowing PORTFOLIO to re-age the Date of Status date, as well as, the First Reported date.

14.     PORTFOLIO is providing credit information that they know or should know is inaccurate and misleading.

15.     The Date of Status date on the Plaintiff's credit report should reflect the date when the account went uncollectible.

16.     The Date First Reported is the first time an account is reported with EXPERIAN, that date should never change. Furthermore, EXPERIAN uses the terms "Reported Since" and "First Reported" interchangeably on its reports depending on whether they are obtained online or through the mail. Therefore "Reported Since" and "First Reported" will be used interchangeably throughout this Complaint to refer to the same data field in Plaintiff's Experian credit report.

17.     PORTFOLIO is falsely and misleadingly reporting the character and/or legal status of these alleged debts by re-aging the account.

18.     The Date of Status date should be the day the debt was deemed uncollectable.  PORTFOLIO changes those dates to re-age the account and EXPERIAN

allows PORTFOLIO to re-age the account by changing the Date of Status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

19.     Re-aging accounts by changing the Date of Status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

20.     EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

21.     PORTFOLIO also changed the Date "First Reported" and EXPERIAN allowed PORTFOLIO to change the Date First Reported.  There is only one First Reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first

reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

22.     These accounts are not only inaccurate but also misleading, which the Fifth Circuit has addressed.  The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions"

23.     PORTFOLIO did not conduct a good faith and reasonable investigation and did not delete or correct the false information but instead re-aged the dates on the account and EXPERIAN continues to report the inaccurate information.

24.     The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  This information was furnished by PORTFOLIO and reported by EXPERIAN, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

25.     Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by PORTFOLIO and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating.

26.     As a result of conduct of EXPERIAN, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

27.     As a result of the conduct of PORTFOLIO, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

28.     At all times pertinent hereto, Defendants EXPERIAN and PORTFOLIO were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29.     At all times pertinent hereto, the conduct of the Defendants, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **CAUSES OF ACTION**

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     This suit is based upon the Defendants violation of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. All causes of action were causes of the damages which Plaintiff has suffered.

### ***Count I: Fair Credit Reporting Act***

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     This suit is brought against the Defendants, EXPERIAN and PORTFOLIO, as the damages made the basis of this suit were caused by their violation of the FCRA.  In all instances of violating the FCRA, Defendants EXPERIAN and PORTFOLIO did so willfully and/or negligently.  Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

(a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

(a )    Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

34.     EXPERIAN violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's notice of dispute.

35.     Plaintiff by and through her attorney disputed information regarding the PORTFOLIO account with a dispute letter to EXPERIAN, dated  March 15, 2016, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

36.     Plaintiff received the results from her dispute regarding the PORTFOLIO account on or about May 4, 2016. Not only did PORTFOLIO and EXPERIAN not correct, modify or delete the information but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. On account ********9626…. the "Date of Status" was changed from "Nov 2015" to "04/2016" and on account ********9626…. the "First Reported" date was changed from "Nov 2015" to "04/2016." PORTFOLIO is changing dates that should not be changed and EXPERIAN is allowing PORTFOLIO to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. PORTFOLIO and EXPERIAN are penalizing Plaintiff for exercising her statutory right to dispute inaccurate information on her credit report.  PORTFOLIO and EXPERIAN are re-aging Plaintiff's PORTFOLIO account with every dispute.

37.     The date of status date should be the day the debt was deemed uncollectable.  PORTFOLIO changes those dates to re-age the account and EXPERIAN allows PORTFOLIO to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of status" entry to mean exactly that")

38.      Re-aging   by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

39.      EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013)(Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

40.      PORTFOLIO also changed the Date "First Reported" and EXPERIAN allowed PORTFOLIO to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

41.      If EXPERIAN would have conducted a reasonable good faith investigation, they should have determined that PORTFOLIO was changing dates that should not be changed and providing them with inaccurate data.

The section entitled "**Procedure in Case of Disputed Accuracy**" under 15 U.S.C. §1681i(a)(1)(A) reads:

> (a)   Reinvestigations in case disputed information
>
>  (1) Reinvestigation required
>
> (A) In general-- Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately, as well as, making the account seem more recently delinquent than they really are to potential creditors, causing her damage.

42.    PORTFOLIO violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's notice of dispute and failing to delete or correct the inaccurate information.   After receiving a dispute notice from EXPERIAN, PORTFOLIO did not conduct a complete, accurate or reasonable investigation into the disputed issue.  PORTFOLIO did not give a good faith and reasonable investigation into the inaccurate information that was disputed on  March 15, 2016.  PORTFOLIO should have discovered that the information they are providing the Credit Bureaus was not accurate.  PORTFOLIO is re-aging the account of Plaintiff's to a date that is more recent than legally accurate.  For PORTFOLIO to be liable under 15 U.S.C. §1681, Plaintiff

must dispute the account with EXPERIAN, EXPERIAN then contacts PORTFOLIO regarding the dispute and PORTFOLIO should conduct a good faith and reasonable "investigation" as well and then provides EXPERIAN with corrected credit data or delete the trade line.   The credit data that PORTFOLIO is providing EXPERIAN is false, misleading and inaccurate and if PORTFOLIO would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

43.     Plaintiff by and through her attorney disputed information regarding the PORTFOLIO account with a dispute letter to EXPERIAN, dated  March 15, 2016, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

44.     Plaintiff received the results from her dispute regarding the PORTFOLIO account on or about May 4, 2016. Not only did PORTFOLIO and EXPERIAN not correct, modify or delete the information but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. On account ********9626…. the "Date of Status" was changed from "Nov 2015" to "04/2016" and on account ********9626…. the "First Reported" date was changed from "Nov 2015" to "04/2016." PORTFOLIO is changing dates that should not be changed and EXPERIAN is allowing PORTFOLIO to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. PORTFOLIO and EXPERIAN are penalizing Plaintiff for exercising her statutory right to dispute inaccurate information on her credit report.  PORTFOLIO and EXPERIAN are re-aging Plaintiff's PORTFOLIO account with every dispute.

45.     The date of status date should be the day the debt was deemed uncollectable.  PORTFOLIO changes those dates to re-age the account and EXPERIAN

allows PORTFOLIO to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of status" entry to mean exactly that")

46.     Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013)("Date of status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

47.     EXPERIAN and PORTFOLIO should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

48.     PORTFOLIO also changed the Date "First Reported" and EXPERIAN allowed PORTFOLIO to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the

account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

49.     If EXPERIAN would have conducted a reasonable good faith investigation, they should have determined that PORTFOLIO was changing dates that should not be changed and providing the bureaus with inaccurate data.  The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing her damage.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1)     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)     conduct an investigation with respect to the disputed information:

(B)     review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)     report the results of the investigation to the consumer reporting agency;

(D)     <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E)     if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
(i)     modify that item of information
(ii)     delete that item of information

14

        (iii)        permanently block the reporting of
that item of information

50.     EXPERIAN is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. EXPERIAN is allowing PORTFOLIO to re-age both the "Date of Status" and "First Reported" dates to reflect more recent dates than legally accurate.  If EXPERIAN had followed reasonable procedures to assure maximum accuracy, EXPERIAN would not be allowing PORTFOLIO to re-age two important data fields on Plaintiff's credit file and even after the inaccurate reporting, EXPERIAN should have caught the inaccurate data once they were put on notice via Plaintiff's dispute.

51.     Plaintiff by and through her attorney disputed information regarding the PORTFOLIO account with a dispute letter to EXPERIAN, dated  March 15, 2016, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

52.     Plaintiff received the results from her dispute regarding the PORTFOLIO account on or about May 4, 2016. Not only did PORTFOLIO and EXPERIAN not correct, modify or delete the information but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. On account ********9626…. the "Date of Status" was changed from "Nov 2015" to "04/2016" and on account ********9626…. the "First Reported" date was changed from "Nov 2015" to "04/2016." PORTFOLIO is changing dates that should not be changed and EXPERIAN is allowing PORTFOLIO to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. PORTFOLIO and EXPERIAN are penalizing Plaintiff for exercising her statutory right

to dispute inaccurate information on her credit report.  PORTFOLIO and EXPERIAN are re-aging Plaintiff's PORTFOLIO account with every dispute.

53.     The date of status date should be the day the debt was deemed uncollectable.  PORTFOLIO changes those dates to re-age the account and EXPERIAN allows PORTFOLIO to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

54.     Re-aging accounts by changing the date of status dates are

misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

55.     If EXPERIAN was following any, much less reasonable procedures to assure maximum accuracy, they would not allow such inaccurate reporting and once they were put on notice via a dispute, they should have fixed or corrected the false and misleading information.   EXPERIAN'S procedures are so bad or lacking that they continued to report obvious inaccurate data. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

56.     PORTFOLIO also changed the Date "First Reported" and EXPERIAN allowed PORTFOLIO to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

57.     If EXPERIAN would have followed reasonable procedures to assure maximum accuracy, EXPERIAN would not have allowed PORTFOLIO to re-age and change the "Date of Status" and "First Reported" dates on Plaintiff's credit report just because Plaintiff exercised her statutory right to dispute her account.  The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing her damage.

Under 15 U.S.C. §1681e(b) reads:

> (b )   Accuracy of the Report
>
>> Whenever a consumer reporting agency prepares a consumer report it <u>shall</u> follow reasonable procedures as assure maximum possible accuracy of the information concerning the individual about whom the report relates

### <u>*Count II: Fair Debt Collection Act*</u>

Plaintiff incorporates the foregoing paragraphs as though the same were set

forth at length herein.

58.      PORTFOLIO violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt.  PORTFOLIO re-aged both the "date of status" and "first reported" dates to more recent dates than legally accurate.  By re-aging both dates, PORTFOLIO violated 15 U.S.C. §1692e(2)(A). The re-aging and manipulating of the dates is falsely representing the character of the debt by re-aging the debt and making it look much more recent than it really is.  The more recent the debt the more it damages credit scores, severely damaging Plaintiff's credit score.   Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the account makes the older account look new again and thus at a higher risk for default.

### 15 U.S.C. §1692e **"False or Misleading Representation"**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—
**(A)** the character, amount, or legal status of any debt

59.      PORTFOLIO violated 15 U.S.C. §1692e(8) by reporting credit information to EXPERIAN that they knew or should have known to be false. PORTFOLIO reported information that they know or should have known to be false when they re-aged both the date of status and first reported dates on Plaintiff's credit report.

60.      Plaintiff by and through her attorney disputed information regarding the regarding the PORTFOLIO account with a dispute letter to EXPERIAN, dated  March

18

15, 2016, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

61.     Plaintiff received the results from her dispute regarding the PORTFOLIO account on or about May 4, 2016. Not only did PORTFOLIO and EXPERIAN not correct, modify or delete the information but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. On account ********9626…. the "Date of Status" was changed from "Nov 2015" to "04/2016" and on account ********9626…. the "First Reported" date was changed from "Nov 2015" to "04/2016." PORTFOLIO is changing dates that should not be changed and EXPERIAN is allowing PORTFOLIO to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. PORTFOLIO and EXPERIAN are penalizing Plaintiff for exercising her statutory right to dispute inaccurate information on her credit report.  PORTFOLIO and EXPERIAN are re-aging Plaintiff's PORTFOLIO account with every dispute.

62.     The date of status date should be the day the debt was deemed uncollectable.  PORTFOLIO changes those dates to re-age the account and EXPERIAN allows PORTFOLIO to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of status" entry to mean exactly that")

63.     Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D.

Tex. 2013)("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

64.     EXPERIAN and PORTFOLIO should have discovered the misleading information if they would have provided a good faith reasonable investigation and corrected the information.  They are communicating information they know or should know to be inaccurate. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013)(Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

65.     PORTFOLIO also changed the Date "First Reported" and EXPERIAN allowed PORTFOLIO to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

66.     The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing her damage.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

67.     PORTFOLIO violated Federal Statutes 15 U.S.C. §1692e(10) and 15 U.S.C §1692f.   Defendant falsely and deceptively re-aged the alleged account on Plaintiff's credit report. PORTFOLIO intentionally violated 15 U.S.C. §1692 by false and deceptively re-aged account in order to collect a debt.   By re-aging dates, PORTFOLIO has intentionally violated 15 U.S.C. §1692 by false and deceptively re-aged the account in order to collect a debt, which is an unfair and unconscionable act. The more recent the delinquency, the more it negatively effects credit ratings and scores.

68.     Plaintiff by and through her attorney disputed information regarding the regarding the PORTFOLIO with a dispute letter to EXPERIAN, dated  March 15, 2016, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

69.     Plaintiff received the results from her dispute regarding the PORTFOLIO account on or about May 4, 2016. Not only did PORTFOLIO and EXPERIAN not correct, modify or delete the information but they changed the "Date of Status" and the "First Reported" dates due to Plaintiff's dispute. On account ********9626…. the "Date of Status" was changed from "Nov 2015" to "04/2016" and on account ********9626…. the "First Reported" date was changed from "Nov 2015" to "04/2016." PORTFOLIO is changing dates that should not be changed and EXPERIAN is allowing PORTFOLIO to change dates based on Plaintiff's statutory right to dispute inaccurate credit information. PORTFOLIO and EXPERIAN are penalizing Plaintiff for exercising her statutory right

to dispute inaccurate information on her credit report.  PORTFOLIO and EXPERIAN are re-aging Plaintiff's PORTFOLIO account with every dispute.

70.     The date of status date should be the day the debt was deemed uncollectable.  PORTFOLIO changes those dates to re-age the account and EXPERIAN allows PORTFOLIO to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

71.     Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013)("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

72.     PORTFOLIO is re-aging their account to hurt Plaintiff's credit which is an unfair, unconscionable false and misleading debt collection methods in an attempt to collect and alleged debt. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013)(Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

73.     PORTFOLIO also changed the Date "First Reported" and EXPERIAN allowed PORTFOLIO to change the First Reported Date.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731

(S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

74.    The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing her damage.  The conduct of PORTFOLIO through the re-aging of account and violating multiple Fair Debt Collection laws is an unfair and unconscionable means to collect an alleged debt.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

75.    The conduct of EXPERIAN and PORTFOLIO were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to

compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

76.     As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

77.     As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

78.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

79.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

80.     Plaintiff has attached two Exhibits to this Complaint. Exhibit 1 is a copy of Plaintiff's Experian Credit Report dated November 18, 2015 and Exhibit 2 is Plaintiff's updated Experian report she received on May 4, 2106.


DEMAND FOR JURY TRIAL

81.   Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants EXPERIAN and PORTFOLIO, based on the following requested relief:

      (a)   Actual damages pursuant to 15 U.S.C. §1681

      (b)   Statutory damages pursuant to 15 U.S.C. §1681

      (c)   Punitive damages pursuant to 15 U.S.C. §1681

      (d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

      (e) Actual damages pursuant to 15 U.S.C. §1692k;

      (f) Statutory damages pursuant to 15 U.S.C. §1692k;

      (g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

      (h)Such other and further relief as may be necessary, just and proper.

Dated:  May 9, 2016

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
The Raburn Law Firm, LLC
301 N. Main Street
Suite 2200
Baton Rouge, LA 70825
jonathan@geauxlaw.com
318-412-2777
225-412-3783 (facsimile)